UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTERO HOLLINGSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-01595 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | Judge Sara L. Ellis |
| CORRECTIONS, LOGAN CORRECTIONAL | ) | |
| CENTER, SHERIDAN CORRECTIONAL | ) | |
| CENTER, WEXFORD MEDICAL | ) | |
| CORPORATION, GAIL MAIONCHI, APN, | ) | |
| CATALINO BAUTISTA, M.D., and SALEH | ) | |
| OBAISI, M.D., | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

## FOURTH AMENDED COMPLAINT

Plaintiff, ARTERO HOLLINGSWORTH, by and through his attorneys Albukerk & Associates, hereby files this Fourth Amended Complaint alleging deliberate indifference and municipal liability against Defendants THE ILLINOIS DEPARTMENT OF CORRECTIONS, LOGAN and SHERIDAN CORRECTIONAL CENTERS, WEXFORD MEDICAL CORPORATION, GAIL MAIONCHI, APN, CATALINO BAUTISTA, M.D., and SALEH OBAISI, M.D., sued in their official and personal capacities. In support thereof Plaintiff alleges:

1. This is a civil action seeking damages for Defendants' failure to act in accordance with Plaintiff's rights under the Constitution and the laws of the United States, including the rights secured by the 8th and 14th Amendments to the Constitution, including deliberate indifference to a medical need and failure to treat Plaintiff's tongue cancer, which resulted in Plaintiff losing approximately 20 percent of the physical mass of his tongue, the ability to swallow correctly, control his saliva flow and speak clearly.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's deliberate indifference claim pursuant to the 28 U.S.C. §§ 1331 (Federal Question) and 1343(a) (Civil Rights Deprivation).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Plaintiff is a resident of Sheridan Correctional Center, the situs of most of the actions called into question by this complaint. Sheridan Correctional Center is located in LaSalle County under the jurisdiction of the Northern District of Illinois. In addition, Plaintiff received treatment within the Northern District of Illinois at the University of Illinois Medical Center.

## PARTIES

4. Plaintiff Artero Hollingsworth is a resident of the State of Illinois. At the time of the incident, Mr. Hollingsworth was a detainee at the Logan Correctional Center. On approximately July 30th 2012, Mr. Hollingsworth was transferred to the Sheridan Correctional Center.

5. The Illinois Department of Corrections is a governmental agency of the State of Illinois that operates the adult prison system.

6. Defendant Wexford Medical Corporation were the Directors of Medical Care for the Illinois Department of Corrections, charged with providing medical services through the hiring of medical staff to the detainees at the Logan Correctional Center and at the Sheridan Correctional Center located in LaSalle County, in the state of Illinois.

7. Logan Correctional Center and Sheridan Correctional Center are facilities operating under the control of the Illinois Department of Corrections ("IDOC").

8. Defendant Saleh Obaisi, M.D., was, at all times relevant to this lawsuit, a physician at the Logan Correctional Center located in LaSalle County, in the State of Illinois. Obaisi was employed by Defendant Wexford.

9. Defendant Gail Maionchi, A.P.N., was, at all times relevant to this lawsuit, a nurse practitioner at the Sheridan Correctional Center located in LaSalle County, in the state of Illinois. Maionchi was employed by Defendant Wexford.

10. Defendant Catalino Bautista, M.D. was employed as a physician at the Sheridan Correctional Center located in LaSalle County, in the State of Illinois.

11. At all times relevant hereto, all of the persons named as defendants were employees or agents of the IDOC through their employment with Defendant Wexford Medical Corporation.

12. At all times relevant hereto, the Defendants were acting under color of common customs and practices of the State of Illinois, LaSalle County, the IDOC, and the Wexford Medical Corporation.

**FACTS**

13. On January 21, 2012, Plaintiff Artero Hollingsworth was a detainee at the Logan Correctional Center.

14. On January 21, 2012, Jeremy Young, M.D., performed a routine HIV exam on Mr. Hollingsworth and noted lesions in his oral cavity. In his final report, Dr. Young noted that "[Mr. Hollingsworth] complained of painful sores in [his] mouth that have been intermittently appearing for years, but more frequently as of late." Dr. Young's examination notes set out that "the exam camera was not working, so [he] could not see the lesions himself." Dr. Young's Assessment, Plan and Recommendations stated that Mr. Hollingsworth's complaint was "likely canker sores" and that because he could not see the sores due to the lack of a functioning exam

camera, "perhaps the IDOC physician should take a look," to determine whether the lesions were herpetic and if they were, then to treat them.

15. In February of 2012, Plaintiff Artero Hollingsworth put in a sick call at Logan Correctional, to be seen by Defendant Saleh Obaisi, M.D, about bumps in his mouth and on his genitals.

16. On February 3, 2012, Dr. Obaisi diagnosed the bumps as warts, he indicated that the bumps needed treatment but no treatment was performed.

17. Mr. Hollingsworth saw Dr. Obaisi on at least five other occasions for other maladies. During each of these visits, Mr. Hollingsworth continued to complain of pain from the sores in his mouth. Dr. Obaisi instructed Mr. Hollingsworth that the lump on his tongue would need to be removed with a laser.

18. On April 27, 2012, Mr. Hollingsworth continued to complain of pain in his mouth. Outpatient notes discuss a "Med. Size mass," "still" present, on Mr. Hollingsworth's tongue, and reference having the dentist follow up after treatment for other maladies.

19. The lump on Mr. Hollingsworth's tongue was never treated by Dr. Obasi or any other doctor, during his time at the Logan Correctional Center. And despite constant complaints, Dr. Obasia repeatedly led Plaintiff to believe that the bumps on his tongue, although painful, were not medically significant and would be treated at a future date.

20. On May 24, 2012, Jeremy Young, M.D., again noted Mr. Hollingsworth's complaints of pain in his mouth, were likely the result of lesions in his oral cavity, he referred the matter to the treating physicians and nurses at Logan Correctional but no action was taken by the doctors or nurses there.

21. On approximately July 31, 2012, Mr. Hollingsworth was transferred from the Logan Correctional Center to the Sheridan Correctional Center.

22. On October 29, 2012, Mr. Hollingsworth was examined by Defendant Catalino Bautista, M.D., to address other medical issues. When Mr. Hollingsworth again complained about the lump on his tongue, Dr. Bautista stated that that issue would be addressed the next time Mr. Hollingsworth was to be seen, but the doctor did not follow up or make a note of Hollingsworth's complaint.

23. In November of 2012, Mr. Hollingsworth again saw Defendant Dr. Bautista and complained of the pain on his tongue. Once again, Dr. Bautista said that he would examine the tongue on a later date and Mr. Hollingsworth was led to believe that the sores in his mouth were not medically significant. Despite Mr. Hollingsworth's complaints of being in excruciating pain, Dr. Bautista responded in the same fashion the next two times that he saw Mr. Hollingsworth.

24. After repeatedly having his complaints ignored by Defendant Dr. Bautista, Mr. Hollingsworth complained to Defendant Gail Maionchi, R.N., about the pain in his mouth. Nurse Gail Maionchi instructed Mr. Hollingsworth to see the same doctor, despite the fact that Mr. Hollingsworth had already told her that he had seen Dr. Bautista numerous times.

25. On September 17, 2013 Mr. Hollingsworth went to the dentist, Dr. StanleyCaradine, D.D.S, to have a tooth pulled. Mr. Hollingsworth showed Dr. Cardine the lump on his tongue. Dr. Caradine informed Mr. Hollingsworth that a surgeon was scheduled to come to Sheridan Correctional Center the following week and that Dr. Caradine would put Mr. Hollingsworth on the list to see the surgeon.

26. On September 25, 2013, the dentist sent a request for a biopsy of the lump on Mr. Hollingsworth's tongue.

27. On October 30, 2013 the biopsy request was approved.

28. On November 14, 2013, the surgeon, Frederick Craig, M.D., came to Sheridan Correctional Center. Dr. Craig examined Mr. Hollingsworth and took a biopsy of the lump on his tongue.

29. On November 20, 2013, the results of the biopsy were completed. Dr. Caradine and a specialist informed Mr. Hollingsworth that the lump was squamous cell carcinoma – which is a type of cancer.

30. On February 25, 2014, Mr. Hollingsworth underwent a highly invasive surgery to remove the cancer. The surgeon had to remove 20% of Mr. Hollingsworth's tongue and left an 8-inch scar across his neck.

31. The failure of the Defendants to address Mr. Hollingsworth's complaints, and their failure to diagnose his cancer in a timely manner constituted complete, deliberate, reckless, and willful and wanton indifference and disregard to Mr. Hollingsworth's medical needs.

32. The delay in treatment allowed Plaintiff's cancer to grow and destroy more healthy tissue than otherwise would have been the case.

33. As a direct and proximate result of the Defendants' willful and wanton indifference and reckless disregard to Mr. Hollingsworth's medical needs, Mr. Hollingsworth suffered months of: excruciating physical pain, emotional damage while his cancer was finally treated, the painful removal of 20% of his tongue, difficulties chewing, swallowing, controlling his saliva, continuous pain, facial disfigurement, and significant scarring that he would not have otherwise had to endure if his symptoms had not been ignored.

## COUNT I
## 42 USC § 1983 EIGHTH AND FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM

34. The above paragraphs 1-37 are re-alleged here as if fully set forth in this section.

35. As a detainee at the Logan and Sheridan Correctional Centers, Artero Hollingsworth has the constitutional right to adequate medical care and treatment under both the Fourteenth and Eighth Amendments of the United States Constitution.

36. Artero Hollingsworth made numerous complaints regarding the lump on his tongue and the pain in his mouth, over the course of approximately 22 months. Hollingsworth complained multiple times to medical staff both named and unnamed, but each complaint was met by indifference and assurances that there was nothing medically significant to worry about.

37. Given the consistency and severity of the complaints made, a reasonably well qualified doctor would have examined Hollingsworth's tongue more thoroughly and would have ruled out the possibility of cancer. A reasonable, well qualified doctor would have recognized that the lump on Hollingsworth's tongue was abnormal and referred the matter to a specialist within a reasonable amount of time. The medical staff new or should have known that Mr. Hollingsworth's symptoms could be cancer.

38. Failure to acknowledge Hollingsworth's complaints when they began delayed the diagnosis of cancer by approximately twenty-one (21) months. This delay allowed the cancer to spread, which lead ultimately to the removal of 20% of Hollingsworth's tongue. The removal of such a large portion of his tongue would not have been necessary if the cancer was treated in a timely fashion.

39. The omissions of the individual defendants described above, whereby defendants were made aware of but deliberately, recklessly, willfully and wantonly ignored Hollingsworth's medical needs and repeated requests for assessment and treatment, constitute a violation of Hollingsworth's right to adequate medical care while in custody, thereby violating the Fourteenth and Eighth Amendments to the United States Constitution.

40. The aforementioned omissions of Defendants were the direct and proximate cause of the Constitutional violations set forth above and of the Plaintiff's pain, suffering, and disfigurement.

41. WHEREFORE, Plaintiffs demand judgment against the individual defendants, jointly and severally for:

    a. Compensatory and punitive damages

    b. Attorney's fees pursuant to statute

    c. The costs of this action,

    d. And such other and further relief as this Court deems just, proper, and equitable

## COUNT II
## MUNICIPAL LIABILITY (MONELL CLAIM)

42. The above paragraphs 1-45 are re-alleged here as if fully set forth in this section.

43. The Illinois Department of Corrections and the Wexford Medical Corporation, have failed to train and supervise employees responsible for medical care of correctional facility detainees:

a. Medical staff fails to properly record the medical complaints of facility detainees under their care.

b. Medical staff fails to properly follow-up on medical complaints of facility detainees under their care which show symptoms consistent with cancer.

c. Medical staff fails to take timely steps to rule out or otherwise diagnosis cancer in detainees who show possible symptoms of cancer.

44. The Wexford medical Corporation and or the State of Illinois, in its capacity as medical services provider for Logan and Sheridan Correctional Facilities, operate under de-facto policies that are objectively deliberately indifferent to the likelihood that facility detainees' will have their cancer diagnosed in a timely fashion. This de-facto policy violates Mr. Hollingsworth's 8th and 24th amendment rights by:

    a. Failure to properly record patient complaints

    b. Failure to follow up on patient complaints when medical equipment is out of service

    c. Failure to assess complaints during medical appointments

    d. Supplying false assurances about patient's health, without assessing symptoms

    e. Failure to acknowledge symptoms as indicators of cancer

45. The Plaintiff Artero Hollingsworth has suffered serious injuries, as a result of the practices and policies that the IDOC and Wexford Medical Corporation permit and/or make with regard to their medical employees' conduct, as alleged in this complaint.

46. This Count is brought pursuant to 42 U.S.C § 1983 and the Constitution of the United States.

47. WHEREFORE, Plaintiffs demand judgment against the individual defendants, jointly and severally for:

   a. Compensatory and punitive damages

   b. Attorney's fees pursuant to statute

   c. The costs of this action,

   d. And such other and further relief as this Court deems just, proper, and equitable

## JURY TRIAL DEMAND

48. Plaintiff demands a jury trial

Respectfully submitted,

s/ J. Nicolas Albukerk

Albukerk & Associates
1450 W. Randolph
Chicago, IL 60607
773-847-8600 (Tel)
773-847-0330 (Fax)