7219 MRS/JMK/TSL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTERO HOLLINGSWORTH, | |
| Plaintiff, | |
| v. | Case No. 15 CV 1595 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, LOGAL CORRECTIONAL CENTER, SHERIDAN CORRECTIONAL CENTER, WEXFORD MEDICAL CORPORATION, GAIL MAINCHI, APN, CATALINO BAUTISTA, M.D., and SALEH OBAISI, M.D., | Hon. Judge Sara L. Ellis |
| | JURY DEMAND |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT WITH JURY DEMAND**

NOW COMES the Defendant, SALEH OBAISI, M.D., through his attorneys, CUNNINGHAM, MEYER & VEDRINE, and pursuant to Federal Rule of Civil Procedure 12, hereby provides his answer and affirmative defenses to Plaintiff's Fourth Amended Complaint [Doc. 53] with jury demand:

1. This is a civil action seeking damages for Defendants' failure to act in accordance with Plaintiff's rights under the Constitution and the laws of the United States, including the rights secured by the 8th and 14th Amendments to the Constitution, including deliberate indifference to a medical need and failure to treat Plaintiff's tongue cancer, which resulted in Plaintiff losing approximately 20 percent of the physical mass of his tongue, the ability to swallow correctly, control his saliva flow and speak clearly.

**ANSWER: Defendant admits that Plaintiff is pursuing a civil action based on alleged deliberate indifference to a medical need, but denies the remaining allegations in Paragraph 1.**

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's deliberate indifference claim pursuant to the 28 U.S.C. §§1331 (Federal Questions) and 1343(a) (Civil Rights Deprivation).

**ANSWER: Defendant admits the existence of subject matter jurisdiction.**

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Plaintiff is a resident of Sheridan Correctional Center, the situs of most of the actions called into question by this complaint. Sheridan Correctional Center is located in LaSalle County under the jurisdiction of the Northern District of Illinois. In addition, Plaintiff received treatment with in the Northern District of Illinois at the University of Illinois Medical Center.

**ANSWER: Defendant denies that venue is proper in this district as to the claims relating to Logan Correctional Center, pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) and under the doctrine of *forum non conveniens*, and reserves the right to request severance and/or transfer.**

## PARTIES

4. Plaintiff Artero Hollingsworth is a resident of the State of Illinois. At the time of the incident, Mr. Hollingsworth was a detainee at the Logan Correctional Center. On approximately July 30th, 2012, Mr. Hollingsworth was transferred to the Sheridan Correctional Center.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.**

5. The Illinois Department of Corrections is a governmental agency of the State of Illinois that operated the adult prison system.

**ANSWER: Defendant admits the allegations contained in Paragraph 5.**

6. Defendant Wexford Medical Corporation were the Directors of Medical Care for the Illinois Department of Corrections, charged with providing medical services through the

hiring of medical staff to the detainees at the Logan Correctional Center and at the Sheridan Correctional Center located in LaSalle County, in the state of Illinois.

**ANSWER: Defendant admits that Wexford is a company that provides medical staffing for Illinois Department of Corrections facilities, including Sheridan Correctional Center and Logan Correctional Center, but denies the remaining allegations contained in Paragraph 6.**

7. Logan Correctional Center and Sheridan Correctional Center are facilities operating under the control of the Illinois Department of Corrections ("IDOC").

**ANSWER: Defendant admits the allegations contained in Paragraph 7.**

8. Defendant Saleh Obaisi, M.D., was at all times relevant to this lawsuit, a physician at the Logan Correctional Center located in LaSalle County, in the State of Illinois. Obaisi was employed by Defendant Wexford.

**ANSWER: Defendant admits that Dr. Obaisi was employed by Wexford, but denies that Logan Correctional Center is located in LaSalle County, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.**

9. Defendant, Gail Maionchi, A.P.N. was at all times relevant to this lawsuit, a nurse practitioner at the Sheridan Correctional Center located in LaSalle County, in the State of Illinois. Maionchi was employed be Defendant Wexford.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.**

10. Defendant Catalino Bautista, M.D., was employed as a physician at the Sheridan Correctional Center located in LaSalle County, in the State of Illinois.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.**

11. At all times relevant hereto, all of the persons names as defendants were employees or agent of the IDOC through their employment with Defendant Wexford Medical Corporation.

  **ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.**

  12. At all times relevant hereto, the Defendants were acting under color of common customs and practices of the State of Illinois, LaSalle County, IDOC, and the Wexford Medical Corporation.

  **ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.**

## FACTS

  13. On January 21, 2012, Plaintiff Artero Hollingsworth was a detainee at the Logan Correctional Center.

  **ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.**

  14. On January 21, 2012, Jeremy Young, M.D., performed a routine HIV exam on Artero Hollingsworth and noted lesions in his oral cavity. In his final report, Dr. Young noted that "[Mr. Hollingsworth] complained of painful sores in [his] mouth that have been intermittently appearing for years, but more frequently as of late." Dr. Young's examination notes set out that "the exam camera was not working, so [he] could not see the lesions himself." Dr. Young's Assessment, Plan and Recommendations stated that Mr. Hollingsworth's complaint was "likely canker sores" and that because he could not see the sores due to the lack of a function exam camera, "perhaps the IDOC physician should take a look," to determine whether the lesions were herpetic and if they were, then to treat them.

  **ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.**

  15. In February of 2012, Plaintiff Artero Hollingsworth put in a sick call at Logan Correctional, to be seen by Defendant Saleh Obaisi, M.D., about bumps in his mouth and on his genitals.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.**

16. On February 3, 2012, Dr. Obaisi diagnosed the bumps as warts, he indicated that the bumps needed treatment but no treatment was performed.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, but denies any violation of Plaintiff's constitutional rights whatsoever.**

17. Mr. Hollingsworth saw Dr. Obaisi on at least five other occasions for other maladies. During each of these visits, Mr. Hollingsworth continued to complain of pain from the sores in his mouth. Dr. Obaisi instructed Mr. Hollingsworth that the lump on his tongue would need to be removed with a laser.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, but denies any violation of Plaintiff's constitutional rights whatsoever.**

18. On April 27, 2012, Mr. Hollingsworth continued to complain of pain in his mouth. Outpatient notes discuss a "Med. Size mass," "still" present, on Mr. Hollingsworth's tongue, and reference having he dentist follow up after treatment for other maladies.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.**

19. The lump on Mr. Hollingsworth's tongue was never treated by Dr. Obaisi or any other doctor, during his time at the Logan Correctional Center. And despite constant complaints, Dr. Obaisi repeatedly led Plaintiff to believe that the bumps on his tongue, although painful, were not medically significant and would be treated at a future date.

**ANSWER: Defendant denies the allegations contained in Paragraph 19, and further denies any violation of Plaintiff's constitutional rights whatsoever.**

20. On May 24, 2012, Jeremy Young, M.D., again noted Mr. Hollingsworth's complaints of pain in his mouth, were likely the result of lesions in his oral cavity, he referred the matter to the treating physicians and nurses at Logan Correctional but no action was taken by the

doctors or nurse there.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, but denies any violation of Plaintiff's constitutional rights whatsoever.**

21. On approximately, July 31, 2012, Mr. Hollingsworth was transferred from the Logan Correctional Center to the Sheridan Correctional Center.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.**

22. On October 29, 2012, Mr. Hollingsworth was examined by Defendant Catalino Bautista, M.D., to address other medical issues. When Mr. Hollingsworth again complained about the lump on his tongue, Dr. Bautista stated that that issue would be addressed the next time Mr. Hollingsworth was to be seen, but the doctor did not follow up or make a note of Hollingsworth's complaint.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.**

23. In November of 2012, Mr. Hollingsworth again saw Defendant Dr. Bautista and complained of the pain on his tongue. Once again, Dr. Bautista said that he would examine the tongue on a later date and Mr. Hollingsworth was led to believe that the sores in his mouth were not medically significant. Despite Mr. Hollingsworth's complaints of being in excruciating pain, Dr. Bautista responded in the same fashion the next two times that he saw Mr. Hollingsworth.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.**

24. After repeatedly having his complaints ignored by the Defendant Dr. Bautista, Mr. Hollingsworth complained to Defendant Gail Maionchi, R.N., about the pain in his mouth. Nurse Gail Maionchi instructed Mr. Hollingsworth to see the same doctor, despite the fact that Mr. Hollingsworth had already told her that he had seen Dr. Bautisia numerous times.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as**

to the truth of the allegations contained in Paragraph 24.

25. On September 17, 2013, Mr. Hollingsworth went to the dentist, Dr. Stanley Caradine, D.D.S., to have a tooth pulled. Mr. Hollingsworth showed Dr. Cardine the lump on his tongue. Dr. Caradine informed Mr. Hollingsworth that a surgeon was scheduled to come to Sheridan Correctional Center the following week and the Dr. Caradine would put Mr. Hollingsworth on the list to see the surgeon.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.**

26. On September 25, 2013, the dentist sent a request for a biopsy of the lump on Mr. Hollingsworth's tongue.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.**

27. On October 30, 2013 the biopsy request was approved.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.**

28. On November 14, 2013, the surgeon, Frederick Craig, M.D., came to Sheridan Correctional Center. Dr. Craig examined Mr. Hollingsworth and took a biopsy of the lump on his tongue.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.**

29. On November 20, 2013, the results of the biopsy were completed. Dr. Caradine and a specialist informed Mr. Hollingsworth that the lump was squamous cell carcinoma-which is a type of cancer.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.**

30. On February 24, 2014, Mr. Hollingsworth underwent a highly invasive surgery to remove the cancer. The surgeon had to remove 20% of Mr. Hollingsworth's tongue and left an 8

inch scar across his neck.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.**

31. The failure of the Defendants to address Mr. Hollingsworth's complaints, and their failure to diagnose his cancer in a timely manner constituted complete, deliberate, reckless, and willful and wanton indifference and disregard to Mr. Hollingsworth's medical needs.

**ANSWER: Defendant denies the allegations contained in Paragraph 31, and further denies any violation of Plaintiff's constitutional rights whatsoever.**

32. The delay in treatment allowed Plaintiff's cancer to grow and destroy more healthy tissue than otherwise would have been the case.

**ANSWER: Defendant denies the allegations contained in Paragraph 32, and further denies any violation of Plaintiff's constitutional rights whatsoever.**

33. As directed and proximate result of the Defendants' willful and wanton indifference and reckless disregard to Mr. Hollingsworth's medical needs, Mr. Hollingsworth suffered months of excruciating physical pain, emotional damage while his cancer was finally treated, the painful removal of 20% of his tongue, difficulties chewing, swallowing, controlling his saliva, continuous pain, facial disfigurement, and significant scarring that he would not have otherwise had to endure if his symptoms had not been ignored.

**ANSWER: Defendant denies the allegations contained in Paragraph 33, and further denies any violation of Plaintiff's constitutional rights whatsoever.**

## COUNT I

### 42 USC § 1983 EIGHTH AND FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM

34. The above paragraphs 1-37 are re-alleged here as if fully set forth in this section.

**ANSWER: Defendant admits that Plaintiff seeks to adopt herein by reference the allegations contained in Paragraphs 1–37. Defendant restates his answers to those paragraphs.**

35. As a detainee at the Logan and Sheridan Correctional Centers, Artero Hollingsworth has the constitutional right to adequate medical care and treatment under both the Fourteenth and Eighth Amendments of the Untied States Constitution.

**ANSWER: Defendant admits that Plaintiff is entitled to be free from cruel and unusual punishment, but denies that Plaintiff has accurately characterized his rights, and denies any remaining allegations contained in Paragraph 35.**

36. Artero Hollingsworth made numerous complaints regarding the lump on his tongue and the pain in his mouth, over the course of approximately 22 months. Hollingsworth complained multiple times to medical staff both named and unnamed, but each complaint was met by indifference and assurances that there was nothing medically significant to worry about.

**ANSWER: Defendant denies Plaintiff's complaints were met with indifference, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.**

37. Given the consistency and severity of the complaints made, a reasonably well qualified doctor would have examined Hollingsworth's tongue more thoroughly and would have ruled out the possibility of cancer. A reasonable, well qualified doctor would have recognized that the lump on Hollingsworth's tongue was abnormal and referred the matter to a specialist within a reasonable amount of time. The medical staff new or should have known that Mr. Hollingsworth's symptoms could be cancer.

**ANSWER: Defendant denies the allegations contained in Paragraph 37.**

38. Failure to acknowledge Hollingsworth's complaints when they began delayed the diagnosis of cancer by approximately twenty-one (21) months. This delay allowed the cancer to spread, which lead ultimately to the removal of 20% of Hollingsworth's tongue. The removal of such a large portion of his tongue would not have been necessary if the cancer was treated in a timely fashion.

**ANSWER: Defendant denies the allegations contained in Paragraph 38.**

39. The omissions of the individual defendants described above, whereby defendants were made aware of but deliberately, recklessly, willfully and wantonly ignored Hollingsworth's medical needs and repeated requests for assessment and treatment, constitute a violation of Hollingsworth's right to adequate medical care while in custody, thereby violating the Fourteenth and Eighth Amendments to the United States Constitution.

**ANSWER: Defendant denies the allegations contained in Paragraph 39.**

40. The aforementioned omissions of Defendants were the direct and proximate cause of the Constitutional violations set forth above and of the Plaintiff's pain, suffering and disfigurement.

**ANSWER: Defendant denies the allegations contained in Paragraph 40.**

41. Wherefore, Plaintiffs demand judgment against the individual defendants, jointly and severally for:

   a. Compensatory and punitive damages

   b. Attorney's fee pursuant to statute

   c. The costs of this action

   d. And such other and further relief as this Court deems just, proper and equitable

**ANSWER: Defendant denies Plaintiff is entitled to any relief in this matter.**

## COUNT II
### MUNICIPAL LIABILTY (MONELL CLAIM)

42. The above paragraphs 1-45 are re-alleged here as if fully set forth in this section.

**ANSWER: Defendant admits that Plaintiff seeks to adopt herein by reference the allegations contained in Paragraphs 1–45. Defendant restates his answers to those paragraphs.**

43. The Illinois Department of Corrections and the Wexford Medical Corporation have failed to train and supervise employees responsible for medical care of correctional facility

detainees:

   a. Medical staff fails to properly record the medical complaints of facility detainees under their care.

   b. Medical staff fails to properly follow-up on medical complaints of facility detainees under their care which show symptoms consistent with cancer.

   c. Medical staff fails to take timely steps to rule out or otherwise diagnosis cancer in detainees who show possible symptoms of cancer.

**ANSWER: Defendant denies the allegations contained in Paragraph 43.**

44. The Wexford Medical Corporation and or the State of Illinois, in its capacity as medical services provider for Logan and Sheridan Correctional Facilities, operate under de-facto policies that are objectively indifference to the likelihood that facility detainees' will have their cancer diagnosed in a timely fashion. This de-facto policy violates Mr. Hollingsworth's 8th and 24th amendment rights by:

   a. Failure to properly record patient complaints

   b. Failure to follow up on patient complaints when medical equipment is out of service

   c. Failure to assess complaints during medical appointments

   d. Supplying false assurance about patient's health, without assessing symptoms

   e. Failure to acknowledge symptoms as indicators of cancer

**ANSWER: Defendant denies the allegations contained in Paragraph 44.**

45. The Plaintiff Artero Hollingsworth has suffered serious injuries, as a result of the practices and policies that the IDOC and Wexford Medical Corporation permit and/or make with regard to their medical employees' conduct, as alleged in this complaint.

**ANSWER: Defendant denies the allegations contained in Paragraph 45.**

46. This Court is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

**ANSWER: Defendant admits that Plaintiff asserts a claim under 42 U.S.C. § 1983, but denies that Plaintiff is entitled to relief thereunder, and further denies any remaining allegations contained in Paragraph 46.**

47. Wherefore, Plaintiffs demand judgment against the individual defendants, jointly and severally for:

   a. Compensatory and punitive damages

   b. Attorney's fees pursuant to statute

   c. The costs of this action

   d. And such other and further relief as this Court deems just, proper and equitable.

**ANSWER: Defendant denies Plaintiff is entitled to any relief in this matter.**

### JURY TRIAL DEMAND

48. Plaintiff demands a jury trial.

**ANSWER: Defendant admits that Plaintiff demands a jury trial.**

### GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE
### (Qualified Immunity)

At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

## SECOND AFFIRMATIVE DEFENSE
### (Sovereign Immunity)

Under the Eleventh Amendment, Plaintiff's complaint for monetary damages against Defendant in his official capacity as a state official is barred by sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

To the extent that the Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act (42 U.S.C. § 1997).

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Incidents described which occurred more than two (2) years before filing suit are barred by the applicable statute of limitations unless tolling applies.

## FIFTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff had a duty to mitigate his claimed damages. Accordingly, to the extent Plaintiff could have prevented any injury by taking reasonable actions under the circumstances, he should be precluded from recovering damages for that injury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

A. That Plaintiff take nothing by way of the Complaint herein;

B. That the Complaint be dismissed with prejudice;

C. Defendants recover their reasonable attorney fees and costs of suit incurred herein; and

D. For such other and further relief as this Court may deem necessary and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by a jury on all issues so triable.

        Respectfully submitted,

        CUNNINGHAM, MEYER & VEDRINE, P.C.

    By: /s/ Terry S. Lu
        One of the Attorneys for Defendant,
        Saleh Obaisi, M.D.

Michael R. Slovis
Joel M. Koppenhoefer
Terry S. Lu
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049