UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Artero Hollingsworth ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 15-cv-1595 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | Hon. Judge Sara L. Ellis |
| CORRECTIONS, *et al.* ) | |
| ) | |
|     Defendants ) | |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND FOR SUBSTITUTION OF A PARTY**

Pursuant to Rules 6(b) and 25(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Artero Hollingsworth ("Plaintiff"), by and through his counsel, hereby moves this Court for an extension of time to substitute a party, and for an order substituting Ghaliah Obaisi ("Independent Executor") for Saleh Obaisi, M.D. ("Decedent") as a Defendant in this action. In support thereof, Plaintiff states as follows:

    1.    On March 8, 2018, counsel for Defendant Saleh Obaisi filed a Suggestion of Death, notifying this Court and the parties that Saleh Obaisi is deceased. *See* Dkt. 92.

    2.    Ghaliah Obaisi has been appointed the Independent Executor of the Estate of Saleh Obaisi. *See* Dkt. No. 92 ¶ 3; *see also* Dkt. 92-1 (a copy of the Letter of Office of Decedent's Estate).

    3.    Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."

    4.    A motion for substitution generally must be filed "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 26(a)(1). However, "the 90 day time period [is] not

intended to act as a bar to otherwise meritorious actions" and "extensions of the period may be liberally granted." *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citations omitted).

5. The Court "may permit untimely motions for substitutions when the tardiness is the result of excusable neglect." *Plummer v. Welborn*, 2016 WL 2937029, at *3 (N.D. Ill. May 20, 2016); *see also* Fed. R. Civ. P. 6(b)(1)(B) (extensions of time may be granted on motion of a party "if the party failed to act because of excusable neglect").

6. As the Seventh Circuit has explained, excusable neglect may be found where a party misses a filing deadline due to an attorney's negligence, carelessness, or even mere mistake. *See Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997). Further, this court has discretion to "consider the equities" in deciding whether there is excusable neglect. *Id.*

7. Here, the 90-day period for moving to substitute the Independent Executor under Rule 25(a)(1) would have expired on June 6, 2018.

8. However, Plaintiff's then-counsel at the time filed a motion to withdraw as Plaintiff's attorney on June 12, 2018. *See* Dkt. 99. Counsel's appearance was finally withdrawn on July 26, 2018. *See* Dkt. 108.

9. Between July 26, 2018 and September 13, 2018, this Court recruited two other attorneys to serve as Plaintiff's counsel, each of whom withdrew from the case shortly after their appointments. *See* Dkts. 108, 109, 112 – 114.

10. On September 13, 2018, this Court recruited William Michael to represent Plaintiff in this action. Mr. Michael has diligently been working to assess the case and only recently received the complete file, including deposition transcripts to review. Upon reviewing

the file counsel recognized that it was necessary to substitute the Independent Executor in place of Mr. Obaisi.

11. In view of the repeated turnover in Plaintiff's appointed attorneys, it would be inequitable to penalize Mr. Hollingsworth for a failure to timely move for substitution.

12. This is Plaintiff's second motion for an extension of time in this case. The first was an agreed motion for an extension of time to complete discovery, which was filed on March 31, 2018. Dkt. 94. That motion was granted on April 3, 2018. Dkt. 96.

13. In the Suggestion of Death filed with this Court, counsel for Dr. Obaisi stated that any Suggestion of Death, Motion for Substitution of Party, and corresponding Notice of Motion may be served by email at obaisiestate@gmail.com, with a copy of the email and any attachments thereto sent to the attorneys of record from Cunningham, Meyer & Vedrine P.C., "via their listed email address on the CM/ECF system." Dkt. 92 ¶ 5.

14. On December 7, 2018, the date of this filing, Plaintiff served the Independent Executor with the Suggestion of Death (Dkt. 92), this Motion, and the corresponding Notice of Motion in in the manner described above in paragraph 13.

15. Counsel for plaintiff has met and conferred with defense counsel regarding this motion by phone and by email. Defense counsel has stated that they do not consent to the extension or the substitution.

WHEREFORE, Plaintiff Artero Hollingsworth respectfully requests that this Court grant an extension of time to substitute a party, and enter an Order substituting Ghaliah Obaisi, as Independent Executor of the Estate of Saleh Obaisi, for Saleh Obaisi, M.D., as a Defendant in this action, and ordering any other relief that this Court deems proper.

Dated: December 14, 2018         ARTERO HOLLINGSWORTH

                                    By:/s/ Corwin J. Carr

                                    William Michael
                                    Corwin J. Carr
                                    MAYER BROWN LLP
                                    71 S. Wacker Drive
                                    Chicago, IL 60606
                                    wmichael@mayerbrown.com
                                    ccarr@mayerbrown.com
                                    Phone: 312-792-0600
                                    Fax: 312-706-9138
                                    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on December 14, 2018 a true and correct copy of the foregoing Plaintiff's Motion for an Extension of Time and for Substitution of a Party was served on counsel of record via the Court's ECF system, and on Ghaliah Obaisi, as independent executor of the estate of Saleh Obaisi via email to obaisiestate@gmail.com.

By: /s/ Corwin J. Carr
Corwin J. Carr
